FILED

JUL 2 0 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Percy Moorman, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10 1219 |
| US Bank, NA, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's pro se complaint, motion for temporary restraining order ("TRO"), and application to proceed in forma pauperis ("IFP"). The Court will grant the application to proceed IFP, deny the motion for TRO, and dismiss the complaint for lack of subject matter jurisdiction.

The plaintiff was sued in the Superior Court of the District of Columbia, Civil Division, Landlord-Tenant Branch, in a dispute over ownership of real property located in the District of Columbia. *See* Mot. for TRO, Exhibit. After an unfavorable decision, the plaintiff filed a motion for reconsideration on June 29, 2010. *See* Compl. at 1. Because the motion for reconsideration is, apparently, scheduled for hearing on July 19, 2010, *see id.*, and has not been decided, and a writ for possession could possibly be executed at any time after July 8, 2010, *see* Mot. for TRO at 1, the plaintiff filed this complaint in an effort to "appeal a Superior Court order by Judge Richter of the D.C. Superior Court," *see* Compl. at 1, and filed a motion for a TRO in an attempt to stay the execution of a writ for possession, *see* Pl.'s Mot. for TRO at 1. In short, no

matter how it is characterized, the plaintiff asks this court to intervene in a case that is currently proceeding in the Superior Court of the District of Columbia.

This court does not have jurisdiction to review of orders issued by the Superior Court of the District of Columbia, and, in the interests of comity, will not intervene in a case pending before the Superior Court. Plaintiff's immediate recourse lies with the Superior Court and its reviewing court, the Court of Appeals for the District of Columbia.

In addition, the plaintiff has not demonstrated that he will suffer irreparable harm if he is not granted a TRO, which is a threshold requirement to justify granting a TRO. *See Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 297 (D.C. Cir. 2006). "Irreparable harm" is an imminent injury that is both great and certain, and that legal remedies cannot repair. *Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985). Here, there is no showing that legal remedies would be inadequate to redress any alleged wrongdoing.

Accordingly, the motion for a TRO will be denied, and the complaint will be dismissed without prejudice for lack of jurisdiction. A separate order of dismissal accompanies this memorandum opinion.

Date: 7/10/10

United States District Judge